UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BABCOCK, et al, | ) | CASE NOS. 1:06CV1081 & 1:06CV1503 |
| | ) | |
| Appellants, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| THE OFFICIAL COMMITTEE | ) | |
| OF ADMINISTRATIVE CLAIMANTS, | ) | |
| | ) | |
| Appellee. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Motion (ECF DKT #10) of the Official Committee of Administrative Claimants ("Official Committee") to Dismiss the Appeal of Dennis Babcock, James Baske, Eric Evans and George Henning of the May 12, 2006 Order of the United States Bankruptcy Court for the Northern District of Ohio denying Appellants' Motion to Dissolve the Official Committee. For the reasons that follow, the Motion to Dismiss is granted; and, therefore, the Official Committee's Motion (ECF DKT #25) to Strike All Arguments from Appellants' Merit Reply Brief Regarding Materials Outside the Record of this Appeal is overruled as moot.

## I. BACKGROUND

This case arises out of the ongoing bankruptcy proceedings of LTV Steel Corporation ("LTV"). On February 25, 2003 (amended February 27, 2003), the U.S. Trustee appointed the Official Committee. On April 15, 2005, the Official Committee filed a Motion for Leave to Prosecute a Lawsuit against Directors and Officers on behalf of the LTV Steel bankruptcy estate. That motion was granted by the issuance of the Bankruptcy Court's Standing Order, on September 2, 2005, authorizing the Official Committee to pursue litigation against certain individuals, including the Appellants. The Appellants did not object to the Official Committee's motion; did not appear at the hearings conducted on the motion; and did not appeal the Standing Order. (5/12/06 Bankruptcy Order - Finding of Fact "P"). On September 13, 2005, the Official Committee filed its lawsuit, naming these Appellants as defendants, and alleging multiple breaches of fiduciary duties. (Case No. 1:05CV2158). On February 9, 2006, three years after the Official Committee was appointed, the Appellants, Babcock, Baske, Evans, and Henning, filed a Motion to Dissolve the Official Committee of Administrative Claimants. Up until that date, no party had sought to dissolve the Official Committee or to alter its composition. (5/12/06 Bankruptcy Order - Finding of Fact "Q").

Upon due notice, and after considering the evidence, the presentations of counsel at the hearing, and the record of the LTV Steel Bankruptcy, the U.S. Bankruptcy Judge announced an oral ruling from the bench, denying the dissolution motion on March 28, 2006. Appellants appealed from that denial; and that appeal was docketed as Case No. 1:06CV1081. On May 12, 2006, the U.S. Bankruptcy Judge entered a formal written decision denying Appellants' Motion to Dissolve the Official Committee. Appellants appealed that decision; and that

appeal was docketed as Case No. 1:06CV1503. On September 1, 2006, this Court ordered the consolidation of the captioned appeals and a third appeal, Case No. 1:06CV1082 (which the Court will consider by a separate opinion). The Stipulated Order to Consolidate Related Appeals recites in pertinent part: "All briefs and other materials previously filed in any of the appeals, and all previous stipulations and orders of this Court pertaining to the three appeals, shall be deemed to apply to all three appeals equally." On June 6, 2006, the Official Committee moved for dismissal of these bankruptcy appeals on the basis of lack of standing; and the Court will consider all briefs, arguments, and materials, filed with regard to the dispositive motion, as applicable to both of the captioned appeals.

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to 28 U.S.C. § 158(a), the district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of court, from interlocutory orders and decrees of bankruptcy judges.

### Standing

To have standing to appeal a bankruptcy court order, a party must be a "person aggrieved".

> To appeal from an order of the bankruptcy court, appellants must have been directly and adversely affected pecuniarily by the order. (Citations omitted). This principle, also known as the "person aggrieved" doctrine, limits standing to persons with a financial stake in the bankruptcy court's order. (Citation omitted). Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal. (Citations omitted). *Fidelity Bank, N.A. v. M.M. Group, Inc.*, 77 F. 3d 880, 882 (6th Cir. 1996).

Admittedly, bankruptcy proceedings can affect many people in some way; therefore, courts, as a matter of policy, strictly construe the "person aggrieved" doctrine.

> This rule of appellate standing is necessary to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation that does not serve the interests of either the bankrupt's estate or its creditors. The nature of bankruptcy litigation, with its myriad of parties, directly and indirectly involved or affected by each order and decision of the bankruptcy court, mandates that the right of appellate review be limited to those persons whose interests are directly affected.

*In re First Cincinnati*, 286 B.R. 49, 51 (6th Cir. 2002) (*quoting In re El San Juan Hotel*, 809 F. 2d 151, 154 (1st Cir. 1987).

This narrow "person aggrieved" test is "more limited than Article III standing or the prudential requirements associated therewith." *Monus v. Lambros*, 286 B.R. 629, 634 (N.D. Ohio 2002); *In re Troutman Enterprises, Inc.*, 286 F. 3d 359, 364 (6th Cir. 2002) (*citing In re PWS Holding Corp.*, 228 F. 3d 224, 248 (3d Cir. 2000). The burden rests squarely upon the Appellants to demonstrate they are "persons aggrieved," and to submit evidence that their financial interests are directly and adversely affected by the Bankruptcy Order from which they appeal. *Fidelity Bank*, 77 F. 3d at 882.

The risk of litigation is insufficient to make an appellant a "person aggrieved" for bankruptcy purposes. *In re First Cincinnati*, 286 B.R. at 53 (holding "an order which has the...effect of nudging a party into someone else's litigation sights is not normally appealable by that party"); *Fidelity Bank*, 77 F.3d at 883 (the possibility of litigation is insufficient to confer standing on appellant). Further, as this Court noted in its Opinion and Order in *Moran v. The Official Committee of Administrative Claimants*, Case No. 1:05CV2285, "there are no cases which support the argument that litigation, whether real or potential, makes someone a "person aggrieved" for standing purposes."

An exception to the "person aggrieved" rule is recognized for parties seeking to protect the "public interest." "The Supreme Court has held that a public interest may also give a sufficient stake in the outcome of a bankruptcy case to confer appellate standing. *See SEC v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 460, 60 S.Ct. 1044, 1055, 84 L.Ed. 1293 (1940); *see also Data Processing Serv. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed. 2d 184 (1970) ('The question of standing ... concerns ... whether the interest sought to be protected ... is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.')." *In re Revco D.S., Inc.*, 898 F. 2d 498, 499 (6th Cir. 1990). Limited standing to appeal has been acknowledged where the appellant is a "watchdog", not an advocate, monitoring the legal process and guarding against fraud or collusion. (*e.g., In re Revco D.S., Inc.* (U.S. Trustee) and *Dick's Clothing & Sporting Goods, Inc. v. Phar-Mor, Inc.*, 212 B.R. 283, 288-89 (N.D. Ohio 1997) (losing bidder in debtor's assets sale).

Appellants have asserted they are "parties in interest" in the LTV Steel Bankruptcy case pursuant to 11 U.S.C. § 1109(b). That section provides: "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." Appellants argue, as administrative claimants, they have similar rights to those on the foregoing list; and, therefore, possess appellate standing.

**Standing of Appellants, Babcock, Baske, Evans, and Henning**

Under the circumstances of this case, the Court concludes that Appellants are not

"persons aggrieved," vanguards of the "public interest," nor "parties in interest." This Court acknowledges its obligation to strictly construe "persons aggrieved" as individuals whose financial interests are *directly* and *adversely* affected.

Appellants argue they were aggrieved by denial of their Motion to Dissolve the Official Committee. Appellants provide no case citations in support of this novel argument. Furthermore, accepting their position would serve to encourage the filing of frivolous motions in order to confer appellate standing.

Even if the Appellants were proven to possess legitimate administrative claims for indemnification, such an interest is not sufficiently direct or adverse; nor does it impair Appellants' rights, nor increase Appellants' burdens to provide them with appellate standing.

As previously noted, the Official Committee filed a lawsuit (1:05CV2158) against these Appellants and others for breach of their fiduciary duties. Consistent with its earlier decision in *Moran*, a related bankruptcy appeal, this Court holds that a lawsuit, real or potential, does not render someone a "person aggrieved." Moreover, Appellants maintain the unimpaired right and ability to raise all available defenses to the complaint in that lawsuit.

Appellants insist they have borne the very real pecuniary burden of litigation costs in defense of the lawsuit initiated against LTV directors, officers and employees. However, the evidence (including the affidavit of Appellant, Dennis Babcock, ECF DKT #18) demonstrates that defense costs are covered by the Officers, Directors and Managers Trust established by LTV Steel, with U.S. Bankruptcy Court approval. In addition, those trust funds have been segregated from the estate assets; so, there is no direct dissipation of the debtor's estate funds to the detriment of any claimants. Additionally, in his affidavit, Babcock directs the Court's

attention to the impact of the lawsuit on his credit. However, he only describes his concern about the impact on his ability to obtain credit in the future. That is too speculative to constitute an adverse financial effect for standing purposes.

Regarding the "public interest" exception to the "person aggrieved" rule, the Court finds Appellants do not fall into the specific category of individuals in the "zone of interest" recognized in the law as safeguarding the public interest — for example, the U.S. Trustee. The interest championed by Appellants is not a public interest, but a very private interest in derailing the litigation instituted on behalf of the LTV bankruptcy estate.

The contention that Appellants are parties in interest is equally unavailing. Even if they were treated as parties in interest under 11 U.S.C. § 1109(b) — providing them with the right to notice and to be heard in the bankruptcy proceeding — that is not equivalent to "person aggrieved" standing to appeal to the U.S. District Court.

If at all, the harm suffered, as described by Appellants, arises from the September 2, 2005 Standing Order authorizing the Official Committee to institute litigation, and not from the May 12, 2006 Order denying their Motion to Dissolve the Official Committee. The Order denying dissolution of the Official Committee did not cause litigation to be instituted against Appellants. Rather, the litigation has been pending since September of 2005. As noted in the record by the Bankruptcy Judge, Appellants did not object to the Motion for the Standing Order; did not appear at the hearings on the Motion; nor appeal the Standing Order. Appellants' Motion to Dissolve was the first instance, since the Official Committee was created in February of 2003, that any party sought to dissolve the Official Committee or to alter its composition.

Consequently, the within appeal is an untimely, inappropriate attempt to challenge the authorization of the Official Committee to pursue the breach of fiduciary duty suit against Dennis Babcock, James Baske, Eric Evans, George Henning, and others.

### III. CONCLUSION

The U.S. District Court must jealously protect its appellate jurisdiction over bankruptcy matters. Appellants, Dennis Babcock, James Baske, Eric Evans, and George Henning, lack standing to bring the instant appeal, as they are not "persons aggrieved." The Motion of the Official Committee to Dismiss the Appeal of the May 12, 2006 Order of the U.S. Bankruptcy Court denying the Motion to Dissolve the Official Committee is GRANTED. The Appeal is DISMISSED; and the Motion to Strike All Arguments from Appellants' Merit Reply Brief Regarding Materials Outside the Record of this Appeal is, therefore, OVERRULED AS MOOT.

IT IS SO ORDERED.

DATE: 3/27/07

FILED

MAR 27 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

CHRISTOPHER A. BOYKO
**United States District Judge**